limited in its operation than the corresponding section of the attachment law.

No necessity is perceived for giving this statute a more enlarged construction. Gold and silver coin are subject to be seized on execution, like any other property not exempted by law, and the same vigilance which enables the creditor to garnishee the person in whose possession it happens to be found, would enable him to levy directly upon the money. So also it could be reached by attachment, if the case in other respects authorized one.

If the garnishee, in this case, had been the depositary of a horse, or other chattel, than the gold coin belonging to the defendant, it could hardly admit an argument that such a depositary was not a debtor of the defendant within the meaning of the act. The principle is not changed by the fact that the property was current gold coin, since an execution reaches it under our law.

The only question is, was Edgar, the garnishee, a debtor of Collins, the defendant? He had received from Collins one thousand dollars in American gold, with directions as to the disposition of it. He was in no sense a debtor to Collins. He had not in any way rendered himself liable to any action by Collins, or any of Collins' creditors. He held the property or money, so far as it appears, merely as a deposit—expecting to derive no benefit in any form and to incur no liability by reason of its being in his possession. He had been merely passive and had done nothing to subject himself to responsibility. If the property was the property of Collins, there was nothing to obstruct the levy of an execution by Collins' creditors. Why, then, give any latitudinous construction to the execution law, so as to inflict costs upon the garnishee, when nothing is to be gained even for the creditors? He has simply mistaken his remedy. Judgment affirmed.

---

## VIVION vs. LAFAYETTE COUNTY.

The action of the circuit court in giving or refusing instructions will not be reviewed by the supreme court, unless it be assigned in a motion for new trial.

APPEAL from Lafayette Circuit Court.

HAYDEN, for appellant.

LEONARD, for appellee.

Vivion vs. Lafayette County.

1. The neglect of the county court to take a real estate mortgage for the better security of the money loaned is no discharge of the securities from their liability. Ames & Bank vs. Root and others, 2 Metcalf Rep., 840; United States vs. Kirkpatrick, 9 Wheat. Rep.; United States vs. Vanzandt, 11 Wheat. Rep., 184; United States vs. Nichol, 12 Wheat. Rep., 505; Dox and another vs. United States, 1 Peters Rep., 318; The People vs. Russell, 4 Wendall Rep., 371.

2. The omission to sue within thirty days after the receipt of Aull's notice did not discharge Vivion from his liability, because:

*First.* It is not a requisition within the meaning of the statute. Cope vs. Smith, 8 Serg. and Rawl. 110, 120; Gardiner vs. Ferry, 15 Serg. and Rawl. 117; Erie Bank vs. Gibson, 1 Watts Rep., 143; Wilson vs. Glover, 3 Barr's Rep., 408; Parish vs. Gray, 1 Humph. Rep.. 88 (cited in 2 U. States Digest, p. 820, case 159.)

*Second.* If it be a sufficient notice, the effect is to discharge the security who gave the notice, and it does not discharge the other sureties who did not join in it.

3. The ruling of the circuit court as to the law of the case was not put into the motion for a new trial, and therefore, according to the settled law of this court, the propriety of the instructions given and refused, cannot be reviewed here.

Judge BIRCH, delivered the opinion of the court.

This was a petition in debt against Vivion, on a bond of B. F. Yantis as principal, and John B. Vivion and James Aull, as securities, made on the 7th day of February, 1840, and payable to Lafayette county with interest.

It appeared upon trial, that about the date of the bond, Yantis borrowed of the county four hundred dollars of the school fund, and. with the other obligors as his securities, executed the note sued on. No mortgage security was given, as required by law, for reasons not necessary here to be stated.

On the second day of November, 1847, Robert Aull, who was the administrator upon the estate of James Aull, caused a written notice, addressed to W. H. Russell, who was the treasurer of the county, to be delivered to the county court, then in session, to the effect "that the estate of James Aull would no longer be held responsible as security on said note."

Upon this state of facts, the court below declared the law to be, that neither the omission to take mortgage security of the borrower, nor the omission to sue within thirty days after the receipt of Aull's notice discharged *Vivion*, (the other security,) and judgment was given against him accordingly.

We have considered it unnecessary to look into the numerous authorities which are referred to in support of the rulings of the judge below, inasmuch as the third and last point which has been made by

Warner vs. Morin.—Torney vs. The State.

the counsel for the county is deemed to be properly predicated upon numerous and recent adjudications of this court in analagous cases.

The judgment of the circuit court is therefore affirmed.

## WARNER vs. MORIN.

The supreme court will not consider any thing as a ground for reviewing a proceeding or judgment of the circuit court which has not been finally passed upon by that court, either in a motion for a new trial, if the alleged error has relation to proceedings during the trial, or in arrest of judgment of relating to the pleadings.

APPEAL from Clinton Circuit Court.

Judge BIRCH, delivered the opinion of the court.

It is unnecessary to further state the nature or condition of this case, than that as the counsel for the appellee has made the point so often passed upon by this court, its judgment must be rendered accordingly. Our jurisdiction of the case being appellate; (purely,) we are of course unauthorized to consider anything as a ground for reviewing a proceeding or a judgment here, which was not brought properly to the notice, and hence not finally passed upon by the court below, either in the motion for a new trial, if the alleged errors have relation to proceedings during the trial, or in arrest of judgment if going to the pleadings.

The judgment of the court below is therefore left unreviewed, and consequently affirmed.

## TORNEY vs. THE STATE.

Every distinct act of betting upon any gambling device, even at the same sitting, is an offence for which the person is liable to indictment and fine.